```
                                                                    FILED
                                                                   JUN 19 2018
                                                              Clerk, U.S District Court
                                                                 District Of Montana
                                                                      Missoula
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TERRY STILES, | CV 15–64–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| NANCY A. BERRYHILL, | |
| Defendant. | |

Andrew T. Koenig ("Koenig") submits an Unopposed Motion for Attorney's Fees (Doc. 22) pursuant to 42 U.S.C. § 406(b). Koenig asks the Court to approve attorney's fees in the amount of $8,959.50 for services rendered in his representation of Plaintiff Terry Stiles ("Stiles") in his claim for Title II benefits under the Social Security Act.

In the fee agreement signed by Koenig and Stiles, Stiles agreed to pay Koenig 25% of any back-due Title II benefits awarded by the Social Security Administration subject to the offset provisions of Equal Access to Justice Act ("EAJA"). Koenig was previously awarded $7,500.00 in attorney's fees under EAJA by this Court in an Order issued on June 14, 2016 (Doc. 20), however these funds were applied to a debt that Stiles held with the U.S. Department of Education

-1-

and none of these funds ever reached Koenig.[1]  After Stiles' benefits were processed, he was awarded back-due benefits totaling $35,838.00.  The requested amount of $8,959.50 represents 25% of this figure.

42 U.S.C. § 406(b)(1)(A) authorizes a court to award reasonable attorney's fees not to exceed 25% of a plaintiff's total past-due Title II benefits.  When a Court evaluates a contingency agreement to determine whether it is reasonable, several factors are useful: (1) whether the representation was substandard; (2) whether the attorney is responsible for any delay in effectuating benefits; or (3) whether the requested fee is reasonable in light of the amount of time the attorney spent litigating the case.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).

Here, the representation was not-substandard nor was Koenig responsible for any delay.  Thus, the key inquiry is whether the requested amount represents a reasonable hourly rate.

Having reviewed the documents and affidavit submitted by Koenig, the Court concludes that the requested fee is reasonable.  Koenig testifies that he and an associate collectively spent 44.8 hours preparing for Stiles' litigation.  This translates to an hourly fee of $199.99.  Koenig also testified that the going hourly

---

[1] Generally, an EAJA fee award is payable to a prevailing plaintiff rather than to her attorney.  *Astrue v. Ratliff*, 560 U.S. 586, 596–97(2010).  Any payment awarded is offset to satisfy any pre-existing debt the plaintiff owes to the federal government.  *Id.*

rate for similar work is within the range of $250.00.

Having concluded that the award is reasonable,

IT IS ORDERED that Koenig is awarded attorney's fees in the sum of $8,959.90 under 42 U.S.C. § 406(b).

DATED this 19th day of June, 2018.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court